**Derrick FRAZIER, Petitioner,**

v.

**William STICKMAN, et al., Respondents.**

**No. Civ.A. 04–CV–4204.**

United States District Court, E.D. Pennsylvania.

Aug. 19, 2005.

Derrick Frazier, Graterford, PA, pro se.

Thomas W. Dolgenos, District Attorney's Office, Philadelphia, PA, for Respondents.

## EXPLANATION & ORDER

ANITA B. BRODY, District Judge.

Petitioner Derrick Frazier brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred the petition to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation ("R & R") in accordance with 28 U.S.C. § 636(b)(1)(B). The R & R recommends that I dismiss the petition as untimely. Frazier filed timely objections. For the reasons set forth below, I will overrule Frazier's objections, adopt the R & R as supplemented by this Memorandum, and dismiss the petition for writ of habeas corpus. I will deny a certificate of appealability.

### I. Background

The state court docket sheet indicates that on October 9, 1997, a state court jury convicted Frazier of third-degree murder,[1] robbery, criminal trespass, possession of an instrument of crime, criminal conspiracy, and aggravated assault. (Court C.P. Docket at 3.)[2] On February 5, 1998,[3] Frazier was sentenced. (*Id.* at 3–4.) On February 9, 1998, Frazier filed a counseled notice of appeal. (*Id.* at 5.) On November 10, 1998, the appeal was dismissed. (*Id.* at 6.) On December 18, 1998, Frazier filed another counseled notice of appeal,[4] which

---

1. The R & R indicates that Frazier was convicted of second-degree murder rather than third-degree murder. Because we do not reach the merits of the habeas petition, this discrepancy is immaterial.

2. Subsequent to the issuance of the Report and Recommendation, the Clerk of the Quarter Sessions Court of Philadelphia County faxed me copies of three documents: (1) the state court docket sheet, (2) the May 27, 2005 opinion issued by the Court of Common Pleas finding that the petitioner's PCRA petition of June 3, 2003 was properly denied as untimely on February 28, 2005, and (3) petitioner's March 28, 2005 notice of appeal of the February 28, 2005 order dismissing his June 3, 2003 PCRA petition.

3. The state court docket sheet lists the date of sentence as February 5, 1997, which would be prior to the date of the jury trial. The parties both treat the date of sentence as February 5, 1998. (Pet. at 5; Resp. at 1.) The evidence indicates that the "1997" date was a typographical error and that Frazier was sentenced in "1998."

4. The respondents' response and the R & R indicate that Frazier had filed a PCRA petition seeking the reinstatement of his direct appeal rights, that the PCRA petition was

was dismissed on April 28, 1999. (*Id.* at 7–8.) On June 6, 1999, Frazier filed a petition under the Post Conviction Relief Act ("PCRA"). (*Id.* at 9.) On October 28, 1999, counsel was appointed to represent Frazier, and on February 17, 2000, Frazier filed an amended PCRA petition. (*Id.*) On October 2, 2000, Frazier's PCRA petition was granted and his direct right to appeal was reinstated *nunc pro tunc.* (*Id.* at 10.) On October 24, 2000, Frazier filed a third counseled notice of appeal. (*Id.* at 11.) On June 26, 2001, the appeal was dismissed. (*Id.* at 12.) All of Frazier's direct appeals, including his appeal in 2000, were dismissed for failure to file a brief. (Pet. at 5, 10–11; Resp. at 1–2.)

On January 9, 2003, Frazier filed a motion for appointment of counsel and for an evidentiary hearing in the Court of Common Pleas. (Court C.P. Docket at 13.) On June 3, 2003, Frazier filed another PCRA petition. (*Id.*) Counsel was appointed and Frazier filed an amended PCRA petition. (*Id.*) On February 28, 2005, Frazier's June 3, 2003 PCRA petition was dismissed without a hearing "after counsel filed a *Finley* letter determining no issues of arguable merit existed, and that the petition was untimely filed." *Frazier*, No. 1010 EDA 2005 at 1 (Pa.Ct.C.P. May 27, 2005). On May 27, 2005 the Court of Common Pleas issued an opinion finding that petitioner's June 3, 2003 PCRA petition was properly denied. *Id.* at 3. Frazier's appeal of the February 28, 2005 decision is pending in state court.

On May 25, 2004, during the pendency of Frazier's June 3, 2003 PCRA petition, Frazier filed the instant federal petition for habeas corpus. After the respondents filed their response to the petition, United States Magistrate Judge Carol Sandra Moore Wells issued an R & R recommend-

ing that I dismiss the petition as untimely. Frazier filed timely objections.

In Frazier's objections, he explains that he was housed in the Special Needs Unit while he was at SCI Pittsburgh. (Pet'r's Objections at 2.) He states that prisoners housed in Special Needs Units are locked in their cells for 23 hours daily with minimal access to law library facilities. (*Id.* at 1.) He indicates that he was heavily medicated at SCI Pittsburgh and "[i]n his moments of clarity, he sought the services of a '[sic]' so called jail house lawyer, who helped him prepare the PCRA petition filed in June of 2003." (*Id.* at 2.) At some point, Frazier was transferred to SCI Graterford where he was permitted to visit the law library. (*Id.*) He writes that "[t]hough he is still on heavy medication, but less than that taken while housed at SCI–Pittsburgh, he can and does function better and has taken advantage of his privilege by filing the instant case before this court." (*Id.*)

## II.  Standard of Review

Where a petition for a writ of habeas corpus has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report ... to which objection is made ... [The court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III.  Discussion

In Frazier's objections to the Report and Recommendation, he does not dispute the dates set forth in the Report and Recommendation, but he raises the new argument that circumstances related to his

granted and Frazier's direct appeals rights reinstated *nunc pro tunc,* and that Frazier's second direct appeal was filed pursuant to

that grant of direct appeal rights. (Resp. at 2; R & R at 2.)

placement in the Special Needs Unit caused his failure to timely file either a PCRA petition in the state court or a habeas petition in federal court. (Pet'r's Objections at 1–2.) Frazier requests that I stay this proceeding until after the proposed February 28, 2005 PCRA evidentiary hearing or, in the alternative, allow him to proceed by making an exception to the limitations period provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–32, 110 Stat. 1214 (1996). (*Id.* at 3.) I will address these requests in reverse order.

First, I will address Frazier's request that I allow him to proceed in spite of the fact that his habeas petition was untimely filed. As set forth in the Report and Recommendation, petitioner's limitation period began to run on July 26, 2001, the date on which his conviction became final.[5] Under AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1), petitioner had until July 26, 2002 to file his federal habeas petition. Section 2244(d)(2) provides that the limitations period may be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." From July 26, 2001 to July 26, 2002, petitioner did not have a properly filed application for state or other collateral review pending in any court, and, therefore, there are no grounds for statutory tolling of the limitations period. Petitioner could only proceed in pursuing federal habeas relief if equitable tolling applied.

The Supreme Court stated that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some ex-

traordinary circumstance stood in his way." *Pace v. DiGuglielmo,* —— U.S. ——, ——, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (citation omitted). Courts should apply equitable tolling sparingly. *LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005).

■ Frazier did not exercise reasonable diligence. Frazier was capable of filing motions and petitions as early as January 9, 2003 when he filed a motion in state court for appointment of counsel and for an evidentiary hearing. Approximately five months later, on June 3, 2003, Frazier filed a PCRA petition. These facts demonstrate that Frazier's failure to file his federal habeas petition until May 25, 2004, over sixteen months after he filed his motion for appointment of counsel, was not due to medical incapacity. *See, e.g., Gaston v. Palmer,* 417 F.3d 1030, 1034–35 (9th Cir.2005) (finding no clear error in magistrate's determination that petitioner was physically and mentally capable of preparing and filing a petition between dates on which petitioner filed other petitions where petitioner did not allege that his physical or mental condition between the two filings was significantly worse than his condition immediately before or after those dates). While filing his federal habeas petition in 2003 would not have made his petition timely absent equitable tolling, his failure to file his federal habeas petition for over sixteen months after demonstrating his capacity to prepare and file state court petitions demonstrates a lack of due diligence in pursuing his federal claims. Therefore, equitable tolling is not appropriate in the present case and Frazier's petition is time barred.

---

5. Frazier does not allege that any of the triggering events provided for in § 2244(d)(1)(B)(D) apply, and, therefore, the limitations period began to run on the "date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as provided by § 2244(d)(1)(A).

In addition to seeking equitable tolling, petitioner requested a stay. When a court cannot address an otherwise timely federal habeas petition because it contains claims that have not been exhausted in state court, there are certain circumstances in which the court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, — U.S. —, — — —, 125 S.Ct. 1528, 1533–34, 161 L.Ed.2d 440 (2005). Although "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," stays are permitted in some circumstances to prevent petitioners from forfeiting all chance of federal review while exhausting their claims in state court. *Id.* at 1533–34. Frazier, however, does not present a petition with unexhausted claims, nor is his petition timely.

■ At the time petitioner filed his objections to the Report and Recommendation, a hearing regarding his state PCRA petition was scheduled for February 28, 2005. That date has passed. On February 28, 2005, petitioner's June 3, 2003 PCRA petition was dismissed without a hearing "after counsel filed a *Finley* letter determining no issues of arguable merit existed, and that the petition was untimely filed." *Frazier*, No. 1010 EDA 2005 at 1 (Pa.Ct.C.P. May 27, 2005). On May 27,

2005 the Court of Common Pleas issued an opinion finding that petitioner's June 3, 2003 PCRA petition was properly denied. *Id.* at 3. Petitioner's appeal of the February 28, 2005 decision is pending in state court. The outcome of that appeal is not material to the timeliness of petitioner's federal habeas petition under AEDPA, because the limitations period expired before the June 3, 2003 PCRA petition was filed. *Schlueter*, 384 F.3d at 78. Therefore, it is not appropriate to grant a stay.[6]

## IV.  Conclusion

Frazier's petition for a writ of habeas corpus is untimely. I will dismiss the petition and deny a certificate of appealability.

## ORDER

**AND NOW**, this _____ day of August 2005, upon careful and independent consideration of the petition for a writ of habeas corpus, the response to the petition for a writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge Wells, and petitioner's objections, it is **ORDERED**:

1.  The Report and Recommendation (Docket entry # 11) is **ADOPTED**. Petitioner's objections are overruled.

2.  The Petition for Writ of Habeas Corpus is **DISMISSED**.

3.  There is not probable cause to issue a certificate of appealability because the

---

**6.** There remains a slim possibility that the Superior Court of Pennsylvania could reverse the dismissal of Frazier's June 3, 2003 PCRA petition. The Court of Common Pleas characterized that petition as a petition alleging ineffective assistance of counsel. In the unlikely event that the Superior Court of Pennsylvania overturned the lower court's dismissal of the petition and reinstated Frazier's right to a direct appeal *nunc pro tunc,* Frazier's conviction would not be final for purposes of AEDPA. AEDPA's limitations period

begins to run when the conviction becomes final. *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir.1999). Therefore, if for some reason the state court should reinstate his right to a direct appeal *nunc pro tunc,* Frazier's AEDPA limitations period would re-commence at the conclusion of his direct appeal when his conviction becomes final. Therefore, Frazier would not face the high risk of failing to file within the limitations period that is faced by petitioners with unexhausted claims.

628

issues as to the AEDPA statute of limitations are clear.