

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2006

# Cristin v. Wolfe

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cristin v. Wolfe" (2006). *2006 Decisions.* Paper 1552.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1552

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT
_____

Case No: 05-1626

ROSALINDA CRISTIN,

Appellant

v.

WILLIAM J. WOLFE; THE
DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States
District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-03506-JP)
Senior District Judge: Hon. John P. Fullam

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2006

BEFORE: MCKEE, SMITH and VAN ANTWERPEN,
*Circuit Judges*

(Filed February 22, 2006)
_____

SMITH, *Circuit Judge*:

Appellant Rosalinda Cristin appeals the District Court's dismissal of her petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds of untimeliness and procedural default. We will affirm the decision of the District Court.[1]

I.

Rosalinda Cristin and her husband, Martin Cristin, were tried *in absentia* in the Court of Common Pleas for Philadelphia County on two counts each of theft by deception, fortune-telling, and criminal conspiracy. The Commonwealth argued to the trial court that these *in absentia* proceedings were warranted in part because the Cristins were gypsies. During the trial, the Cristins' counsel cross-examined the investigating police officer and elicited the fact that the Cristins were gypsies, and the officer testified on redirect examination about the alleged criminal habits of the gypsy community. The Cristins were convicted by a jury on October 13, 1994, and subsequently sentenced *in absentia* to the maximum permissible term of imprisonment for each crime, to run consecutively. This led to a total imprisonment term of fifteen to thirty years, which was outside the state sentencing guidelines range for the charged offenses. The Cristins' trial

---

[1]The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Our review of a district court's legal conclusions is plenary. *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997). Where a district court holds an evidentiary proceeding, its findings of fact are reviewed for clear error. *Love v. Morton*, 112 F.3d 131, 133 (3d Cir. 1997). Finally, we exercise plenary review over statute of limitations issues. *Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

counsel did not file an appeal from the conviction or sentence within thirty days as required by Pennsylvania law.

In December of 1994, Rosalinda Cristin was apprehended in Harris County, Texas, and returned to Philadelphia. Her husband subsequently surrendered. On January 12, 1995, Mrs. Cristin filed a Petition for Trial in the Court of Common Pleas, alleging that due to misrepresentations by her husband, she had no knowledge that she was required to appear at her October 13, 1994, trial. The court denied this petition and Mrs. Cristin did not file an appeal. Mrs. Cristin then retained new counsel and filed a motion for post-sentence reconsideration in the Court of Common Pleas. This motion was also denied and not appealed.

Acting through her new counsel, Mrs. Cristin then filed a motion for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq*. Mrs. Cristin then retained her former trial counsel and filed an amended PCRA petition, alleging in part that her constitutional rights to due process were denied by her trial *in absentia*, that her sentence violated the Eighth Amendment's prohibition of cruel and unusual punishment, that her appellate counsel rendered ineffective assistance by failing to appeal the denial of her motion for a new trial, that the charges were not supported by the evidence, and that the fortune-telling statute as applied to Mrs. Cristin was unconstitutionally discriminatory. Although an evidentiary hearing was originally scheduled, Mrs. Cristin subsequently elected to rest on the record. On June 13, 1997, the

3

PCRA court denied Mrs. Cristin's petition.

Mrs. Cristin then retained a third attorney and filed an appeal of the denial of her amended PCRA petition with the Pennsylvania Superior Court. On February 1, 1999, the Superior Court affirmed the PCRA court's denial of her PCRA petition. Mrs. Cristin did not submit a petition seeking allowance of appeal in the Pennsylvania Supreme Court.

In the meantime, on June 5, 1997, Mr. Cristin had filed a *pro se* petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania. *See Cristin v. Brennan*, 281 F.3d 404, 408 (3d Cir. 2002). On April 11, 2000, the District Court granted Mr. Cristin's petition. *See id*. at 409. Mrs. Cristin then retained Mr. Cristin's counsel, who on July 11, 2000, filed a petition for a writ of habeas corpus on Mrs. Cristin's behalf. Action on Mrs. Cristin's habeas petition was stayed pending the outcome of the Commonwealth's appeal of the District Court's order granting Mr. Cristin's habeas petition.

On February 27, 2002, we reversed the District Court's grant of Mr. Cristin's habeas petition in a precedential opinion, holding that Mr. Cristin had procedurally defaulted his claims because of his failure to appeal adverse decisions in the state courts. *See id*. at 409-12. We also held that Mr. Cristin's procedural defaults could not be excused even if Mr. Cristin "unwittingly" failed to file the necessary appeals, and that Mr. Cristin could not rely on the allegedly ineffective assistance of his PCRA counsel to establish cause because he did not have a Sixth Amendment right to representation at his

4

PCRA hearing. *See id.* at 420. Finally, we held that Mr. Cristin had not shown "actual innocence" of his allegedly excessive term of imprisonment. *See id.* at 420-22.[2]

Meanwhile, on June 20, 2001, the District Court ordered the Commonwealth to file a response brief addressing the timeliness of Mrs. Cristin's habeas corpus petition. The Commonwealth responded that her petition was time-barred under the one-year limitations period in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). In reply, Mrs. Cristin did not contest the untimeliness of her petition, but she argued that she was entitled to equitable tolling because the counsel she retained for her appeal in the Pennsylvania Superior Court never informed her that he was not filing a petition for allowance of appeal in the Pennsylvania Supreme Court, never explained to her that she could file a petition for a writ of habeas corpus in federal court, and never explained to her the deadlines for such a filing.

On June 10, 2002, the District Court held an evidentiary hearing on whether Mrs. Cristin was entitled to equitable tolling of AEDPA's one-year limitations period. At the hearing, Mrs. Cristin admitted that she had never asked her Superior Court counsel if he had filed a petition for allowance of appeal in the Pennsylvania Supreme Court, and that

---

[2]We noted in *Cristin v. Brennan* that "the awkward notion that one can be actually innocent of a sentence, although guilty of the underlying crime, has arisen most often in capital cases." 281 F.3d at 421. We further noted that the courts which had extended this awkward notion to non-capital cases had "uniformly done so in the context of testing the factual findings on which a particular non-capital sentence is based, such as prior convictions." *Id.* at 422. Accordingly, we held that this notion had no application to Mr. Cristin's case because we had "no basis for concluding that some factual finding at sentencing was erroneous." *Id.*

he had never told her that he had done so. Her Superior Court counsel also testified that he was not retained by Mrs. Cristin to file such a petition, and that he had not told her or anyone else that he had filed or would file such a petition. Finally, Mrs. Cristin also admitted that she had consulted with a prison legal aide about filing an out-of-time petition for allowance of appeal in the Pennsylvania Supreme Court three months before the one-year AEDPA limitations period elapsed.

The District Court then dismissed Mrs. Cristin's habeas petition, finding both that it was untimely and that her claims were procedurally defaulted. The District Court consequently did not reach the merits of Mrs. Cristin's claims, but nonetheless granted a certificate of appealability because Cristin had raised "substantial questions of constitutional violations."

## II.

We agree with the District Court that Mrs. Cristin's untimely petition for a writ of habeas corpus was not subject to equitable tolling. Equitable tolling of AEDPA's one-year limitations period is appropriate only where extraordinary circumstances prevented the prisoner from filing a timely habeas petition and the prisoner has exercised reasonable diligence. *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling. *See Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999) (considering the timeliness of a complaint in a Title VII case). *See also Schlueter v. Varner*, 384 F.3d

6

69, 76 (3d Cir. 2004) ("Generally, in a non-capital case . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation.").

Nonetheless, we held in *Seitzinger* that equitable tolling was appropriate where "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had." 165 F.3d at 237-38. In contrast, we held in *Schlueter* that where the delay in filing a habeas petition was allegedly caused by an attorney's failure to file a PCRA petition, and the attorney had allegedly represented that he would do so, but the prisoner had not taken "affirmative steps to ensure the timely filing of a PCRA petition," and the prisoner did not "attempt to ascertain . . . whether [the attorney], in fact, had filed a PCRA petition," the circumstances did not warrant equitable tolling. *See* 384 F.3d at 77-78. We reasoned that even if the attorney's alleged misrepresentation amounted to an "extraordinary circumstance," the prisoner had not exercised reasonable diligence. *See id*.

In the circumstances of Mrs. Cristin's case, the District Court correctly decided that equitable tolling was not warranted. Her Superior Court counsel's alleged failure to inform her that he was no longer representing her and that he was not filing a petition for allowance of appeal with the Pennsylvania Supreme Court did not give rise to the sort of affirmative misrepresentations present in *Seitzinger* and *Schlueter*. Moreover, even if her attorney's alleged failure to inform Mrs. Cristin of these facts had risen to the level of an "extraordinary circumstance," Mrs. Cristin's own testimony established that she was

7

aware of her attorney's failure to petition the Pennsylvania Supreme Court for an allowance of appeal at least three months before the end of AEDPA's one-year period of limitations. Given these circumstances, we find that if Mrs. Cristin had exercised reasonable diligence, she could have filed her habeas petition in a timely manner.

Accordingly, these circumstances do not warrant equitable tolling of AEDPA's one-year limitations period. Consequently, the District Court properly dismissed Mrs. Cristin's untimely habeas petition.[3]

### III.

Because Mrs. Cristin's untimely habeas petition was properly dismissed, the District Court correctly declined to reach the merits of her claims. Nonetheless, as we also noted in *Cristin v. Brennan*, *see* 281 F.3d at 422, we view the Cristins' *in absentia* trial and sentencing, and the magnitude of their sentences, with skepticism. Accordingly, it is with reluctance that we are constrained to hold that Mrs. Cristin filed an untimely and procedurally-defaulted habeas petition.

The District Court's order will be affirmed.

---

[3]Accordingly, our decision that the District Court properly dismissed the petition does not depend on whether Mrs. Cristin has also procedurally defaulted all of her claims. However, we agree with the District Court's judgment that given our reasoning in *Cristin v. Brennan* and the facts of Mrs. Cristin's case, Mrs. Cristin has procedurally defaulted her claims. Moreover, her procedural defaults cannot be excused for cause. Finally, she has not established her actual innocence of her sentence because she has not provided a basis for concluding that the factual findings at her sentencing were erroneous.