NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4576
_____

ROBERT STANLEY REED,
Appellant

v.

MICHAEL HARLOW; DISTRICT ATTORNEY OF THE COUNTY OF LANCASTER;
ATTORNEY GENERAL OF PENNSYLVANIA
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-09-cv-03870)
District Judge:  Honorable Mitchell S. Goldberg
_____

Argued September 20, 2011
_____

Before:  AMBRO, CHAGARES, and ROTH, Circuit Judges

(Opinion filed:  October 17, 2011)

Theresa A. Kennedy, Esquire (Argued)
130 Mansfield Street
Belvidere, NJ   07823

        Counsel for Appellant

Craig W. Stedman
    District Attorney
Andrew J. Gonzalez  (Argued)
    Assistant District Attorney
Joshua G. Parsons, Esquire
Lancaster County Office of District Attorney

50 North Duke Street
Lancaster, PA 17608

Counsel for Appellees

_____

OPINION

_____

AMBRO, Circuit Judge

Robert Stanley Reed appeals from the District Court's order dismissing his petition for writ of *habeas corpus* as time-barred by the one-year period of limitation applicable to such petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). For the reasons stated below, we affirm.

I.

Because we write solely for the parties, we recite only those facts necessary for our decision. On November 18, 1999, following a jury trial in the Court of Common Pleas of Lancaster County, Reed was convicted of involuntary deviate sexual intercourse, aggravated indecent assault, indecent exposure, and corruption of minors. Reed was sentenced to nine to eighteen years in prison, followed by seven years of probation. On January 19, 2001, the Superior Court of Pennsylvania affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal on August 16, 2001. Reed did not file a petition for writ of certiorari in the United States Supreme Court.

On August 14, 2002, Reed filed his first petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46. On June 17, 2003, the PCRA Court denied the petition, and the Superior Court of Pennsylvania affirmed the

denial of PCRA relief on June 14, 2004. Reed did not appeal to the Supreme Court of Pennsylvania. Reed filed three more PCRA petitions, all of which were denied as untimely under state law.

On August 12, 2009, Reed filed a petition for writ of *habeas corpus* premised on a claim of ineffective assistance of trial counsel. Reed alleged that, prior to trial, he directed his attorney, Charles Mackin, to retain Dr. Robert E. Fay as an expert witness to testify on Reed's behalf. According to Reed, Dr. Fay was "to review a videotape of the examination of the alleged victim's genital area by the Commonwealth [e]xpert[.]" However, "on or about the first day of trial, attorney Mackin informed . . . Reed that he was not going to call [Dr. Fay] to testify, claiming that [Dr. Fay's] report and testimony would not be favorable" to Reed's defense.

Reed alleges that, unbeknownst to him at the time, no report was ever prepared by Dr. Fay. Reed contends that Mackin had no further communication with Dr. Fay after sending him the videotape, and that Dr. Fay never provided Mackin with his expert opinion concerning it.

In February 2006, Reed wrote to Dr. Fay to request information concerning the videotape and the opinion he formed after reviewing it. In June 2006, Dr. Fay wrote back to Reed stating that the case "died on the vine" from his standpoint, and that he was "left in the dark" by Mackin. Dr. Fay wrote Reed again in July 2006, and also in August 2006. In the August letter, dated August 7, 2006, Dr. Fay informed Reed that he had found the videotape of the alleged victim's genital examination, had reviewed it, and was of the opinion that her genitalia appeared "normal and uninjured[.]" Thereafter, in September

3

2006, Dr. Fay provided an affidavit to Reed wherein Fay attested that he had recently reviewed the videotape and was of the opinion that the alleged victim's genitalia appeared to be "completely normal."

Reed asserts that Dr. Fay's opinion, had Mackin offered it at trial, would have been favorable to Reed's defense and would have rebutted the expert testimony presented by the Commonwealth. Reed thus contends that Mackin's "conduct may amount to extraordinary circumstance[s], because he knowingly and willfully disregarded alleged exculpatory evidence." Consequently, Reed avers that the one-year limitation period applicable to his *habeas corpus* petition should be equitably tolled until August 7, 2006, the date on or about which he learned of his trial counsel's alleged misconduct.

## II.

Reed filed his petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The District Court exercised jurisdiction over the petition pursuant to 28 U.S.C. § 2254(a).

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the District Court's legal ruling that Reed's *habeas corpus* petition is time-barred by AEDPA. *See Taylor v. Horn*, 504 F.3d 416, 427 n.6 (3d Cir. 2007).

## III.

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period "begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (quoting

4

28 U.S.C. § 2244(d)(1)(A)).  This limitation period "is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court[;] and (2) equitable tolling, a judicially crafted exception."  *Id.* (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)).[1]

"Equitable tolling is appropriate when 'the principles of equity would make the rigid application of a limitation period unfair[.]'"  *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (quoting *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)).  Such may be the case "when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  *Id.* at 276 (emphasis in original).  Importantly, "the presence of extraordinary circumstances 'is not enough'−a petitioner 'must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely.'"  *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004) (quoting *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003)).

Here, even assuming Mackin's alleged ineffective assistance constitutes extraordinary circumstances, at best Reed would only be entitled to equitable tolling until August 7, 2006, the date on or about which he learned of Mackin's putative misconduct. Indeed, Reed himself acknowledges that, even if we accepted his argument that equitable

---

[1] Reed was entitled to statutory tolling from August 14, 2002 until July 14, 2004, the time period during which his first PCRA petition was pending.  *See Merritt*, 326 F.3d at 161. Reed's subsequent PCRA petitions all were held to be untimely under state law.  As such, those petitions were not "properly filed," and they thus do not entitle him to any further statutory tolling.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

tolling applies, "the [one-year] Statute of Limitations would begin on August 7, 2006."

(Reed Br. at 9.) Reed would not be entitled to equitable tolling beyond that date because

he was not reasonably diligent in pursuing his rights, as more than three years expired

between August 7, 2006, when he learned of his trial counsel's alleged ineffective

assistance, and August 12, 2009, when he filed his *habeas corpus* petition. Thus, because

the one-year limitation period under 28 U.S.C. § 2244(d)(1) had long expired prior to the

filing of Reed's *habeas* petition in 2009, that petition is untimely.[2]

## IV.

We thus affirm the District Court's order dismissing Reed's petition for writ of

*habeas corpus*.

---

[2] Reed's *habeas* petition still would be untimely to the extent, if any, that it is premised on a claim of actual innocence. While we have not decided whether a claim of actual innocence in a *habeas* petition may equitably toll the one-year statute of limitations under 28 U.S.C. § 2244(d), *see McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 84 n.5 (3d Cir. 2007), even if we did recognize such a tolling exception, Reed would still have the burden of demonstrating that he exercised reasonable diligence in bringing his claim. *Miller*, 145 F.3d at 618-19. As discussed above, Reed has failed to make this necessary showing, having waited more than three years after receiving Dr. Fay's letter in August 2006 before filing his *habeas* petition.