NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4465
_____

ROBERT KEVIN OHLER,
                                        Appellant

v.

MARIROSA LAMAS; ATTORNEY
GENERAL OF THE COMMONWEALTH
OF PENNSYLVANIA, TOM CORBETT;
DISTRICT ATTORNEY OF THE COUNTY
OF SOMERSET

_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court  No. 3-11-cv-00011
District Judge: The Honorable Kim R. Gibson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2013

Before: SMITH, ALDISERT, and SLOVITER, *Circuit Judges*

(Filed: October 1, 2013)

_____

OPINION
_____

SMITH, *Circuit Judge.*

The United States District Court for the Western District of Pennsylvania

dismissed Robert Ohler's petition for writ of habeas corpus on the grounds that Ohler's

claims were untimely and procedurally defaulted. Ohler argues on appeal that the statute of limitations for his habeas claim should have been equitably tolled and that his procedural default should have been excused by the ineffective assistance of his post-conviction counsel during collateral proceedings in state court. For the reasons that follow, we will affirm.

I.

Robert Ohler pled guilty to third degree murder in the Court of Common Pleas of Somerset County, Pennsylvania ("Court of Common Pleas") and was sentenced to 20 to 40 years imprisonment. On October 5, 2006, Ohler's post-sentencing motions were denied and he was given 30 days to appeal his sentence. Although Ohler alleges that he instructed his trial counsel to file a notice of appeal, such notice was never filed and his conviction became final on November 5, 2006.

Between October 5, 2006 and October 23, 2008, Ohler claims to have sent an unspecified number of letters to his trial counsel inquiring about the status of his appeal. He also alleges that none of these were answered. Ohler's family members also contend in an affidavit that, on one occasion during this period,[1] Ohler's trial counsel assured them that he would discuss the appeal with Ohler during their next visit. One of these family members, Brenda Ohler, further claims that sometime in 2008 she received additional assurance from Ohler's trial counsel that an appeal would be filed. On October 23, 2008, Ohler first contacted the Court of Common Pleas to inquire about the status of his appeal. According to Ohler, he received a response on July 29, 2009 from

the Pennsylvania Superior Court indicating that his appeal had not been filed.

On August 26, 2009, Ohler filed a claim in the Court of Common Pleas under Pennsylvania's Post Conviction Relief Act ("PCRA"). Although this claim was filed long after the PCRA's one-year statute of limitations had expired, Ohler argued that the delay was excused under 42 Pa. Cons. Stat. § 9545(b)(1)(iii), the PCRA's exception for newly recognized constitutional rights. The Court of Common Pleas rejected this argument and afforded Ohler 20 additional days to respond to the Court's Notice of Intent to Dismiss. Ohler advanced no further argument, and the Court of Common Pleas dismissed Ohler's PCRA claim on March 8, 2010. Ohler timely appealed to the Superior Court of Pennsylvania, which affirmed on November 23, 2010.

On January 13, 2011, Ohler petitioned the Western District of Pennsylvania for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Relying heavily on the Magistrate Judge's Report and Recommendation ("R&R"), the District Court dismissed the petition on the grounds that the petition was untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), and that Ohler's claims had been procedurally defaulted in the Pennsylvania courts. This appeal followed.

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under §§ 1291 and 2253. Our review of the District Court's rulings on timeliness and procedural default is plenary. *Reinhold v. Rozum*, 604 F.3d 149, 151 (3d Cir. 2010); *Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009).

---

[1] Or, at least, sometime prior to July 14, 2010, when the affidavit was filed.

II.

We agree with the District Court that Ohler's petition is untimely under the AEDPA and not entitled to equitable tolling. The AEDPA requires federal habeas petitions to be filed within one year of the "date on which the judgment became final" unless certain exceptions are met.[2] *See* 28 U.S.C. § 2244(d). Here, Ohler's judgment became final on November 5, 2006—30 days after he failed to file his appeal following denial of his post-sentencing motions. *See* Pa. R. App. P. 903(a). Ohler did not file his habeas petition until January 13, 2011. Without the benefit of equitable tolling, his claim is unquestionably time barred.

For equitable tolling to apply, Ohler was required to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). While the diligence requirement "does not require the maximum feasible diligence, . . . it does require reasonable diligence in the circumstances." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (internal quotation marks and citation omitted).

As the District Court explained in its well-reasoned opinion, Ohler's actions fell short of reasonable diligence. Ohler waited nearly two years "with little or no communication from counsel" before contacting the Court of Common Pleas and waited an additional nine months for a response, "all the while doing nothing to protect his

4

interests." We agree with the District Court that these efforts constituted a "far cry from the diligence demonstrated by the petitioner in *Holland*," where as soon as "communications slowed down and ceased, the petitioner . . . wasted no time in contacting the state courts."

For the reasons expressed by the District Court, we are also unpersuaded by Ohler's argument, raised for the first time in an objection to the R&R, that equitable tolling was appropriate because Ohler's consumption of various prescription medications placed him in a "fog."

Because we hold that Ohler's petition is untimely under the AEDPA, we need not reach the merits of his claims. We also need not reach the question of whether Ohler's claims were procedurally defaulted in the Pennsylvania courts.[3]

\* \* \*

Accordingly, we will affirm the judgment of the District Court.

---

[2] Ohler has not claimed that any of these exceptions apply.

[3] Specifically, we need not address Ohler's argument that the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) would allow him to avoid procedural default by demonstrating the ineffective assistance of his post-conviction counsel during the PCRA proceedings. Additionally, we reject Ohler's *Martinez*-based *constitutional* claim of ineffective assistance of his post-conviction counsel, as *Martinez* explicitly refused to provide this cause of action. *See id.* at 1319 (contrasting "[a] constitutional ruling [that] would provide defendants a freestanding constitutional claim to raise" with "the equitable ruling of this case").