[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-12542

_____

D. C. Docket No. 98-00051-CV-WLS-6

CLEVELAND KNIGHT,

Petitioner-Appellant,

versus

DERRICK SCHOFIELD,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 31, 2002)**

Before WILSON, RONEY and ALARCÓN[*], Circuit Judges.

PER CURIAM:

This case involves application of equitable tolling to the one-year statute of

_____
*Honorable Arthur L. Alarcon, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

limitations for filing habeas corpus petitions under 28 U.S.C. § 2254. Cleveland Knight, while incarcerated, filed an application for habeas corpus in Georgia state court. It was denied, but Knight did not learn of the denial until nearly eighteen months later. Five months after learning of the denial, Knight filed a § 2254 motion in federal court. The district court denied the motion as untimely. We reverse.

On June 27, 1988, Cleveland Knight was convicted of multiple felonies and sentenced to two life terms, plus sixty years. On June 27, 1995, he filed a state application for habeas corpus in the Superior Court of Gwinnett County, Georgia. After it was denied, he filed an application for discretionary review with the Supreme Court of Georgia. Knight asked the clerk of the court when he could expect a ruling. He was informed that he would be notified as soon as a decision was issued.

On September 9, 1996, the Georgia Supreme Court denied Knight's application for writ of certiorari, exhausting his state court remedies. The clerk of the Georgia Supreme Court inadvertently sent notice of the decision to the wrong person, and Knight was not informed. On January 16, 1998, Knight again contacted the Georgia Supreme Court to inquire as to the status of his case. Two months later, on March 4, 1998, the clerk of the Georgia Supreme Court informed Knight that his application had been denied some eighteen months earlier.

Knight prepared a federal habeas corpus motion pursuant to 28 U.S.C. § 2254 and filed it with the district court on August 14, 1998.

On April 24, 1996, while Knight's application to the Georgia Supreme Court was pending, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. Among other things, the AEDPA imposed a one-year limitations period on petitions for habeas corpus filed pursuant to 28 U.S.C. § 2254. For prisoners like Knight, whose convictions became final before the enactment of the AEDPA, the deadline for filing such petitions was April 23, 1997. *Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209 (11th Cir. 1998) (citing *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)).

The district court concluded that Knight was entitled to only four and one-half months of grace period following actual notification from the Georgia Supreme Court that his state application was denied. Because Knight took over five months to file his federal motion, the district court dismissed it as untimely.

The district court correctly found that Knight is entitled to statutory tolling until his state remedies were exhausted on September 9, 1996, when the Georgia Supreme Court denied relief. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling of limitations period while state habeas corpus petition is pending). In addition, the AEDPA's statute of limitations may be equitably tolled "when a movant untimely

files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

The issue here is whether the fact that Knight was not informed of the final disposition of his state application until March 4, 1998 entitles him to equitable tolling until that date, and if so, the time within which his petition had to be filed.

In this case, the fact that the Supreme Court of Georgia failed to notify Knight of its decision was certainly beyond Knight's control. Knight, as a *pro se* imprisoned defendant, exercised diligence in inquiring about the decision. It is understandable that Knight did not make any inquiries until February of 1998 because the Georgia Supreme Court clerk had assured him that he would be notified as soon as a decision was made. After over a year had passed, Knight, on his own initiative, contacted the clerk seeking information about the status of his case. Until the clerk responded, Knight had no way of knowing that his state remedies had been exhausted. The law is clear that he could not file a federal motion until his pending state application was denied. 28 U.S.C. § 2254(b)-(c). Therefore, he had every reason to delay such filing until he knew that state relief had been denied. Such circumstances meet the requirements of *Sandvik* so that Knight was entitled to have the time limitations of AEDPA equitably tolled until the date that he received notice that the state court had

denied relief. *See Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001) (holding that lack of knowledge of state court decision may provide basis for equitable tolling when prisoner acts diligently); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that when prisoner diligently seeks information about the status of his case, the limitations period may be equitably tolled until he receives notice of its denial).

We should note that not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts. In this case Knight was assured that the court would contact him, then demonstrated diligence in pursuing information when it did not do so. These facts show that Knight is entitled to equitable tolling until March 4, 1998, the day he received notice of the final denial of the Georgia Supreme Court.

The next question is how much time after that date should Knight have been given to file his motion. The Supreme Court has held that new statutes of limitations may not extinguish existing rights unless a "reasonable time" to commence suits is granted to those affected by the new statute. *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n.21 (1982). In the context of the AEDPA's statute of limitations, this court has held that a "reasonable time" is one year. *Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). After all statutory and equitable tolling periods are concluded, Knight should be given a reasonable time to file his federal habeas corpus motion.

Following the guidance of *Wilcox*, there seems to be no reason why that "reasonable time" should be less than one year.

The district court held that Knight was entitled to four and one-half months after March 4, 1998, to file his federal motion. That was the time period between the enactment of the AEDPA and the denial of relief by the Georgia Supreme Court. That time would seem to be irrelevant to what would be a "reasonable time" after the time begins to run after equitable tolling.

Tolling means just what it says – the clock is stopped while tolling is in effect. In this case, Knight had one full year to file a federal motion after enactment of the AEDPA on April 24, 1996. The period was statutorily tolled while his state application was actually pending, until September 9, 1996. The period was then equitably tolled while the Georgia Supreme Court failed to inform him of the disposition of his case, until March 4, 1998. Thus, on March 4, 1998, Knight should have been granted a reasonable time of one year from that date to file his federal motion.

REVERSED AND REMANDED.