

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2002

# Johnson v. Hendricks

Precedential or Non-Precedential: Precedential

Docket No. 00-3633

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Johnson v. Hendricks" (2002). *2002 Decisions.* Paper 808.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/808

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 30, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3633

WADE JOHNSON,
        Appellant

v.

ROY L. HENDRICKS;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cv-01526)
District Judge: Hon. John W. Bissell

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002

Before: SLOVITER, FUENTES, Circuit Judges
and FULLAM,* District Judge

(Filed December 30, 2002)

Annette Verdesco
Pope, Bergrin & Verdesco
Newark, N.J. 07105

 Attorney for Appellant

_____

* The Hon. John P. Fullam, Senior Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

Michael J. Williams
Office of Attorney General
 of New Jersey
Department of Law & Public Safety
Division of Criminal Justice
Trenton, N.J. 08625

 Attorney for Appellees

**OPINION OF THE COURT**

SLOVITER, <u>Circuit Judge</u>:

This appeal raises the issue whether the statute of limitations applicable to a habeas petition should be equitably tolled where a prisoner relies on the erroneous advice of counsel as to when his petition is due. We join the other courts of appeals that have addressed this issue and hold that in these circumstances equitable tolling is not available.

**I.**

**BACKGROUND**

In 1993, Appellant Wade Johnson was convicted following a jury trial in New Jersey state court of murder and related offenses in connection with a drug-related shooting and was sentenced to life in prison. The New Jersey Superior Court, Appellate Division, affirmed his conviction and sentence. The New Jersey Supreme Court denied Johnson's petition for certification on May 23, 1996. On April 1, 1997, Johnson filed a petition for post-conviction relief in state court, which was denied. The New Jersey Superior Court affirmed the denial of relief and the New Jersey Supreme Court denied Johnson's petition for certification on March 30, 1999. Johnson's counsel notified him by letter that he had one year from this date to file a habeas petition in federal court. This information was erroneous.

2

On March 28, 2000, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of New Jersey.1 The State moved to dismiss the petition because it was filed beyond the one-year time limitation provided in 28 U.S.C. § 2244(d)(1). The District Court found Johnson's habeas petition to be untimely and granted the motion to dismiss. It rejected Johnson's claim that the statute of limitations should be equitably tolled because counsel incorrectly told him when his habeas petition was due.

We granted Johnson's application for a certificate of appealability to address the following question:"May a miscalculation of the statute of limitations by petitioner's attorney be grounds for equitable tolling of the statute of limitations provided in 28 U.S.C. § 2244(d)(1)?"

## II.

### JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. This court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. The standard of review over the decision to dismiss a case as time-barred is plenary. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

## III.

### DISCUSSION

It is undisputed that Johnson's habeas petition is time-barred absent the application of the equitable tolling doctrine. Briefly, Johnson had one year to file his petition after his conviction became final on August 21, 1996, when the time to petition the United States Supreme Court for a

_____

1. Johnson signed his petition on March 28, 2000 and it was filed with the court on April 4, 2000. For purposes of this appeal, we need not determine the exact date of filing. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (prisoner's notice of appeal is filed at time of delivery to prison authorities for filing with the court).

3

writ of certiorari expired. The relevant statute, 28 U.S.C. § 2244(d)(1), provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See also Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (if a defendant does not file a certiorari petition, a judgment of conviction does not become "final" until time for seeking certiorari review expires).

The statute of limitations for Johnson's filing of a habeas petition ran for 222 days until Johnson filed a petition for post-conviction relief in state court on April 1, 1997. At that time, the time for filing his habeas petition was tolled pursuant to 28 U.S.C. § 2244(d)(2) which provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The statute remained tolled until March 30, 1999, when the New Jersey Supreme Court denied Johnson's petition for certification. See Stokes v. District Attorney, 247 F.3d 539, 543 (3d Cir.) (time during which a prisoner may file a certiorari petition from the denial of his state post-conviction petition does not toll the limitations period), cert. denied, 122 S. Ct. 364 (2001). As of that day, Johnson had 143 days remaining, or until August 20, 1999, to file his habeas petition. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (§ 2244(d)(2)'s tolling provision excludes time during which a properly filed state post-conviction is pending but does not reset the date from which the one-year limitations period begins to run), cert. denied, 531 U.S. 840 (2000). He filed his petition, however, on March 28, 2000.

Johnson argues that the statute of limitations should be equitably tolled based upon a letter that he received from the Assistant Deputy Public Defender, Diane Toscano, dated March 31, 1999, after the New Jersey Supreme Court denied his petition for certification with respect to the denial of post-conviction relief. In this letter, Toscano informed Johnson that the office was terminating its representation, and stated

4

> If you decide to file a pro se Petition for Habeas Corpus with the United States District Court, you can request the clerk of that court to send you habeas corpus forms to fill out. Once you have completed these forms and have shown that you are indigent, the federal court may appoint a lawyer for you. This petition must be filed within one year of the date on the enclosed order of the New Jersey Supreme Court, or, if you first filed a Petition of Certiorari, within one year from the date the United States Supreme Court denies or otherwise rules on that petition.

Da at 24 (emphasis in original). A copy of the order of the New Jersey Supreme Court dated March 30, 1999 was enclosed with the letter. As noted above, the statement as to the time the habeas petition was due was erroneous, which is the fact that gives rise to Johnson's equitable tolling contention.

As Johnson argues, and as the State concedes, the one year filing deadline in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S. Ct. 323 (2001); Miller v. New Jersey Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). However, " `equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.' " Nara, 264 F.3d at 319 (quoting Miller, 145 F.3d at 618). Equitable tolling is permitted if "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy, 240 F.3d at 244 (quoting Jones, 195 F.3d at 159).

Johnson concedes, sub silentio, that the State did not actively mislead him as he relies only on the second basis for equitable tolling. He contends that he has been prevented in an extraordinary way from asserting his rights, and he finds this "extraordinary" prevention in his counsel's error. The District Court rejected this ground as a basis for equitable tolling, relying on the decisions from the Courts of Appeals for the Fourth Circuit in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), and the Seventh Circuit in Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999).

5

In Harris, 209 F.3d at 330, the Court of Appeals for the Fourth Circuit explained that there must be circumstances beyond the prisoner's control that prevented him from complying with the statute.

Johnson seeks to distinguish his situation from those cases by arguing his counsel's error was external to his conduct and that he detrimentally relied on counsel's advice. He asserts that the extraordinary circumstances consist of his reliance on his attorney's erroneous advice and contends that he exercised reasonable diligence in following counsel's advice and that, absent the application of equitable tolling, he will be denied federal review based upon the conduct of a third party. He proffers the attorney's letter as proof of his attorney's erroneous advice.

Recently, other courts of appeals have considered this issue, and have consistently rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling. See, e.g. , Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002), petition for cert. filed, 71 U.S.L.W. 3178 (U.S. Sep. 6, 2002); Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001), cert. denied, 122 S. Ct. 1965 (2002); Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir. 2001), cert. denied, 122 S. Ct. 1606 (2002); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S. Ct. 145 (2001). Johnson has offered no other reason to warrant equitable tolling. See Nara, 264 F.3d at 320; Taliani, 189 F.3d at 598. In addition, this court in Fahy recognized that in non-capital cases, attorney error has not been found to rise to the extraordinary circumstances required for equitable tolling. 240 F.3d at 244.2

We agree with the District Court that Johnson has not shown extraordinary circumstances to warrant equitable tolling of the AEDPA statute of limitations. Although he received erroneous advice, Johnson was not prevented in an extraordinary way from asserting his rights.

---

2. Because Fahy was a capital case, we applied equitable tolling there. See id. at 245.

**IV.**

**CONCLUSION**

For the reasons set forth, we will affirm the order of the District Court dismissing Johnson's petition for a writ of habeas corpus as time-barred.

A True Copy:
Teste:

<u>Clerk of the United States Court of Appeals</u>
<u>for the Third Circuit</u>

7