Bruce X. COOPER,

v.

James PRICE, Warden; the District Attorney of the County of Philadelphia PA; the Attorney General of the State of Pennsylvania Bruce A. Cooper, Appellant.

No. 02–4274.

United States Court of Appeals, Third Circuit.

Argued Sept. 8, 2003.

Decided Oct. 10, 2003.

Edward F. Borden, Jr. (Argued), Earp Cohn, Westmont, NJ, for Appellant.

John W. Goldsborough (Argued), Office of the District Attorney, Philadelphia, PA, for Appellees.

Before BARRY, BECKER, and GREENBERG, Circuit Judges.

OPINION

BARRY, Circuit Judge.

The parties are familiar with the facts of this case. As a result, we will provide only a brief summary of those facts at the outset and will incorporate additional facts as they are relevant to our discussion of the issues.

The Pennsylvania Superior Court affirmed the denial of appellant Bruce Cooper's third PCRA petition on August 24,

1995, *Commonwealth v. Cooper*, 447 Pa.Super. 650, 669 A.2d 408 (1995) (table), and the Pennsylvania Supreme Court denied his petition for allocatur on July 12, 1996. *Commonwealth v. Cooper*, 544 Pa. 681, 679 A.2d 227 (1996) (table). On June 11, 1998, almost two years later and eleven months after the one-year limitations period imposed by 28 U.S.C. § 2244(d) had expired, Cooper filed his petition for a writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2254. The habeas petition raised three issues: juror misconduct, a claim that the prosecutor withheld exculpatory evidence, and a claim of ineffective assistance of trial and appellate counsel. Cooper's petition was dismissed as time-barred by virtue of the one-year limitations period of 28 U.S.C. § 2244(d)(1).

Two arguments as to why the statute of limitations should have been equitably tolled are before us. First, Cooper argues that equitable tolling is warranted because he did not receive notice from the Pennsylvania Supreme Court of its denial of his petition for allocatur. According to Cooper, he made many attempts to ascertain the status of his appeal between 1996 and September of 1997; indeed, it appears that he wrote to and received a response from a legal intern in the Administrative Office of Pennsylvania Courts ("AOPC") on February 14, 1997, erroneously indicating that his petition was still pending but suggesting that Cooper contact the correct court office himself. He finally learned on September 30, 1997 that the Court had denied his petition on July 12, 1996, well over a year earlier. He did not, however, file his habeas petition until June 11, 1998, eleven months late and over eight months after he learned that his petition for allocator had been denied.

Second, Cooper argues that equitable tolling is warranted because "essential" legal documents consisting of evidence concerning the ineffective assistance of his trial counsel, Adam Renfroe, were taken from his cell on January 11, 1997. These documents included affidavits from fellow inmates of Cooper who had been represented by Renfroe telling of Renfroe's drug abuse while representing them as well as newspaper articles documenting Renfroe's conviction for bribing a witness. Cooper states that he did "every thing humanly possible to replace the destroyed documents," including filing numerous complaints with prison officials and complaining to State Senate officials.

In reviewing the District Court's determinations, first, that Cooper's petition was time-barred and, second, that the one-year period was not subject to equitable tolling, we exercise plenary review. *Johnson v. Hendricks*, 314 F.3d 159, 161 (3d Cir.2002). We will affirm.

Parenthetically, given the fact that we have reached the equitable tolling issue, it goes without saying that we have rejected the Commonwealth's contention that we lack jurisdiction over Cooper's appeal. 28 U.S.C. § 2253(c)(2) and (3) provide, respectively, that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right" and that the COA "shall indicate which specific issue or issues satisfy the showing required . . . ." In clarifying section 2253(c)'s requirements in cases where a habeas petition was dismissed on procedural grounds, the Supreme Court has held that "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Contrary to

the Commonwealth's assertion, the District Court's November 5, 2002 Memorandum and Order accurately and sufficiently explains how Cooper has made a substantial showing of a possible violation of a constitutional right and why reasonable jurists could reach differing conclusions on his equitable tolling claim. We have jurisdiction.

Turning to the heart of this appeal, we have held that, as a general matter, equitable tolling is proper only "when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1380 (3d Cir.1994)). Additionally, equitable relief is only available where the petitioner can show "that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." *Id.* (quoting *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997)). "In the final analysis ... 'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998)). The burden rests on the petitioner to prove all facts, both procedural and substantive, entitling him or her to relief. *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982).

We reject Cooper's argument that the fact that the Pennsylvania Supreme Court did not timely notify him (as opposed to his attorney) that his petition for allocatur had been denied should afford him relief. Cooper relies on an Eleventh Circuit case which held that equitable tolling was warranted in a somewhat similar circumstance. *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir.2002). In *Knight*, the petitioner had received assurances from the clerk of the Georgia Supreme Court that he would be notified as soon as his petition for certiorari was decided. *Id.* Despite these assurances, the petitioner did not learn of the Supreme Court's denial until he inquired about the status of his case, and was informed by the clerk that his petition had been denied nearly eighteen months earlier. In this circumstance, the Eleventh Circuit held that equitable tolling was justified. The Court reasoned that Knight had demonstrated reasonable diligence because the clerk had assured him that he would be notified as soon as a decision was reached. The Court cautioned, however, "that not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts." *Id.*

◼ The District Court correctly recognized that Cooper's case was distinguishable from *Knight*, and that Cooper had not demonstrated reasonable diligence in pursuing his habeas claims. Importantly, unlike the petitioner in *Knight*, Cooper did not receive assurances from the Supreme Court—or from anyone—that *he* would be notified as soon as his petition for allocatur had been adjudicated.[1] Moreover, although Cooper claims to have made various attempts prior to September 30, 1997 to find out the status of his appeal, when he learned on September 30th that allocatur had been denied, he did nothing for

---

[1]. Cooper's attorney had apparently been timely notified by the Court that the petition had been denied but the attorney did not notify Cooper of this fact. We have held, however, that an attorney's miscalculation of habeas filing deadlines under the AEDPA is not the sort of extraordinary circumstance that warrants equitable tolling. *See Johnson v. Hendricks*, 314 F.3d 159, 162–63 (3d Cir. 2002) (citing court of appeals cases); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error,

eight months, finally filing his petition on June 11, 1998. These facts do not support any finding that Cooper was prevented in any "extraordinary way" from asserting his rights or that he acted with the requisite due diligence.

■ We similarly reject Cooper's argument as to the "evidence" removed from his cell. As the District Court noted, Cooper ultimately filed his habeas petition without the benefit of the materials concerning Renfroe's ineffectiveness. Moreover, Cooper fails to adequately explain why he could not have reproduced or regained the allegedly confiscated materials in the six months between the confiscation on January 11, 1997 and the filing deadline of July 11, 1997.

The judgment of the District Court will be affirmed.

miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). Similarly, Cooper's failure to receive timely notice from his attorney fails the "extraordinary circumstance" test.