[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 11, 2006
THOMAS K. KAHN
CLERK

No. 05-13778
Non-Argument Calendar

_____

D. C. Docket No. 04-20580-CV-ASG

FABIAN LOGREIRA,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James V. Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 11, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Fabian Logreira, a Florida state prisoner proceeding pro se, appeals the dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). On appeal, Logreira argues that the time for filing his petition was equitably tolled for 224 days -- between July 11, 2001, and February 19, 2002 -- because the Florida Third District Court of Appeal ("Third DCA") failed to serve him with a copy of its order denying state habeas corpus relief during that time. He claims that he met the requirements for equitable tolling set forth in Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002), because he had no control over the Third DCA's failure to notify him, and he acted with due diligence by repeatedly inquiring about the outcome of the state petition beginning in December 2001. After careful review, we affirm.

We review de novo the district court's decision to deny equitable tolling. See Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002). However, our review of the district court's determination of the relevant facts, including those related to a petitioner's due diligence, is for only clear error. Id. "This standard requires us to affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination." Id. (quotation omitted). We

have noted that clear error is "a very high standard, and one we would rarely be likely to find." Id. at 1290 (quotation and citation omitted).

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following one of four events, including, inter alia, "the date on which the judgment became final . . . ." 28 U.S.C. § 2244(d)(1). A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90 days in which the petitioner could file such a petition. See Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

While the AEDPA's statute of limitations can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted), this remedy is extraordinary and is applied sparingly, Drew, 297 F.3d at 1286. "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th

3

Cir. 2005). The petitioner bears the burden of showing that equitable tolling is warranted. See Drew, 297 F.3d at 1286.

We have ruled that a petitioner was entitled to equitable tolling where the state court had assured the petitioner that it would contact him as soon as a decision was made, the court subsequently sent notice of the decision to the wrong person, and the petitioner demonstrated diligence in inquiring about the status of his case when the court failed to contact him after 15 months. Knight, 292 F.3d at 710-711. In Knight, however, we observed that a habeas petitioner is not necessarily entitled to "equitable tolling until he receives notice." Id. at 711; see also Drew, 297 F.3d at 1289 (holding that habeas petitioner was not entitled to equitable tolling where he claimed to have contacted the state court by mail, but provided no copies of the letters and did not make attempts to contact the court in another manner, such as calling or seeking help from a person with the ability to go to the court personally).

Here, Logreira began contacting the Florida appellate court to inquire about the status of his state habeas petition nine months sooner than the petitioner in Knight initiated his inquiries to the Georgia Supreme Court. Knight, 292 F.3d at 710-11. However, unlike in Knight, here there was no personal assurance indicating that Logreira would be contacted at the conclusion of his case. Cf.

4

Knight, 292 F.3d 711.  Moreover, while Logreira provided evidence of his repeated attempts to contact the Florida appellate court through mail, he did not show that he took any steps, other than mailing letters, to gain information concerning his petition.  Drew, 297 F.3d at 1289.  Finally, after he learned that his state habeas application had been denied, Logreira waited six months to file the instant § 2254 petition and he provides no explanation, let alone a causal connection, between his delayed receipt of the Third DCA's decision and his untimely filing of his § 2254 petition.  Cf. Lawrence, 421 F.3d at 1226-27 (refusing to invoke equitable tolling where habeas petitioner  did not establish "a causal connection between his alleged mental incapacity and his ability to file a timely petition").

On this record, we cannot find clear error in the district court's finding that Logreira failed to meet his burden of showing that he exercised sufficient due diligence in inquiring with the Florida appellate court concerning the disposition of his state habeas petition.  Accordingly, we will not reverse the district court's decision on this basis and affirm the denial of habeas relief.  See Drew, 297 F.3d at 1289-90.

**AFFIRMED.**

5