[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12463
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01010-CV-J-32-MMH

JUAN SMALLWOOD,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2006)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Juan Smallwood, a Florida state prisoner serving a life sentence for felony murder, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Smallwood filed this petition after his previous § 2254 petition was dismissed without prejudice because he failed to pay the appropriate filing fee, submit an affidavit of indigency, or file an in forma pauperis application, as required by the Rules of Civil Procedure. The issue for which Smallwood received a certificate of appealability is:

> [w]hether the district court erred by dismissing Smallwood's 28 U.S.C. § 2254 petition as time-barred when the district court sua sponte dismissed, without warning, his previous § 2254 petition for failure to pay the filing fee or move to proceed in forma pauperis? See e.g., Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002).

When reviewing a district court's denial of a habeas petition, we review questions of law de novo. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). We review de novo a district court's determination that a petition for a writ of habeas corpus is time-barred. Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002).

A one year period of limitation applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period begins on the date on which a judgment of conviction and sentence become final. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2) states that "[t]he time during which a properly filed application

2

for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection." The Supreme Court has held that federal habeas petitions do not constitute "other collateral review" within the meaning of the statute. Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 2129 (2001). Consequently, § 2244(d)(2) "does not toll the limitation period during the pendency of [Smallwood's first] federal habeas petition." Id. The district court thus did not err in dismissing Smallwood's petition as time-barred unless Smallwood is entitled to equitable tolling.

We have held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id.

Smallwood contends that the statute of limitations should be equitably tolled in his case. He argues that he moved to proceed in forma pauperis before the

3

district court dismissed his original petition, and promptly refiled his petition after receiving notice of dismissal. He relies on Wilson v. Sargent, 313 F.3d 1315 (11th Cir. 2002), to assert that the district court had an obligation to warn him that his original petition was on the verge of dismissal if the filing fee was not paid. Smallwood contends that, based on the lack of notice, the district court abused its discretion when it dismissed his second petition as time-barred, as he did everything required of him.

After reviewing the record and both parties' briefs, we conclude that it is unnecessary to decide whether the district court erred in sua sponte dismissing Smallwood's first federal habeas petition without notice because Smallwood is not entitled to equitable tolling. Smallwood was not the victim of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence," and, thus, does not qualify for equitable relief. Knight, 292 F.3d at 711. Smallwood does not argue that he never received notice that the district court dismissed his initial § 2254 petition. Instead, Smallwood stated that he received notice and chose to file a new petition. Smallwood did not appeal the district court's dismissal of his initial § 2254 petition. Since he did not exhaust the options available to him when his first federal habeas petition was dismissed, he did not exercise the level of diligence required to show the "rare and exceptional

4

circumstances" that qualify a petitioner for equitable tolling.  See Lawrence, 421

F.3d at 1226.

The judgment of the district court is

**AFFIRMED.**