[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15358
Non-Argument Calendar

_____

D. C. Docket No. 05-20130-CV-SH

DAQUILARD ILARION,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James V. Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 5, 2006)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner/Appellant Daquilard Ilarion, a Florida state prisoner proceeding *pro se*, appeals the dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). On appeal, Ilarion argues that the district should have granted him equitable tolling for the time period between July 17, 2002, when the Florida Third District Court of Appeal dismissed his appeal from the denial of his motion for state post-conviction relief for failure to comply with its prior order to file a brief within 20 days, and March 27, 2003, when Ilarion filed his state habeas corpus petition, seeking reinstatement of his state post-conviction appeal. According to Ilarion, he did not receive notice of either the order to file his brief within 20 days or the dismissal of the appeal of the motion for state post-conviction relief, because state correctional officials failed to forward his mail when he was transferred between correctional facilities.

We review *de novo* the district court's decision to deny equitable tolling. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1283 (11th Cir. 2002). However, we review a district court's determination of the relevant facts, including those related to a petitioner's diligence, for clear error. *Id*. "This standard requires us to affirm a district court's findings of fact unless the record lacks substantial evidence to

2

support that determination." *Id*. (quotation and citation omitted).

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following one of four events, including "the date on which the judgment became final . . . ." 28 U.S.C. § 2244(d)(1). A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90 days in which the petitioner could file such a petition. *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002). A "properly filed application for State post-conviction or other collateral review" tolls the AEDPA statute of limitations period while the state application is pending. 28 U.S.C. § 2244(d)(2). Where a petitioner seeks a belated appeal of an order denying post-conviction relief, the limitations period is tolled while the appeal is pending. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). The period during which no application, however, is pending is not tolled because the statutory tolling period only encompasses periods during which there is a properly filed application. *Id*.

Additionally, the statute of limitations can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d

1298, 1300 (11th Cir. 2000) (quotation omitted). Equitable tolling is extraordinary and applied sparingly. *Drew*, 297 F.3d at 1286. "Each case turns on its own facts." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The petitioner bears the burden of showing that equitable tolling is warranted. *Drew*, 297 F.3d at 1286. Although we have characterized the equitable tolling standard as a two-part test, requiring a defendant to establish both extraordinary circumstances and due diligence, courts need not consider whether extraordinary circumstances exist if a petitioner's delay in filing the federal habeas petition exhibits a lack of due diligence. *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 & n.7 (11th Cir. 2004) (expressly refusing to consider Diaz's extraordinary circumstances argument in light of his unexplained 532-day delay in filing his § 2254 petition).

To date, we have held only once in a published opinion that equitable tolling applied to the AEDPA's one year statute of limitation. *Knight*, 292 F.3d at 711. In *Knight*, the state court had assured the petitioner that it would contact him as soon as a decision had been made and then inadvertently sent notice of the decision to the wrong person. 292 F.3d at 710. Meanwhile, the AEDPA's one-year statute of limitation period lapsed. *Id.* Importantly, the petitioner demonstrated diligence in inquiring about the status of his case when the court failed to contact him after 15 months. *Id.* at 711. By contrast, we have held that a prisoner was not entitled to

4

equitable tolling where he claimed to have contacted the state court by mail, but did not provide any copies of the letters, did not make attempts to contact the court in any other manner, and was not given assurance of notification by the state court. *Drew*, 297 F.3d at 1289.

After reviewing the record, we conclude that the district court's decision not to apply equitable tolling is supported by substantial evidence. The due diligence analysis is dispositive in this case. *See Diaz*, 362 F.3d at 702 & n.7 Therefore, the case turns on whether the court clearly erred when it found that Ilarion lacked the due diligence required to warrant equitable tolling. *Drew*, 297 F.3d at 1283. The record includes no evidence that Ilarion was diligent about requesting his mail from prison authorities during the times that he was at his original correctional institution. Likewise, nothing in the record indicates that Ilarion made any attempt to keep the court apprised of his address when he was transferred. The only contact he alleges to have had with the court was via two letters: the first dated November 13, 2002 and the second dated February 10, 2003, neither of which are included in the record. Even assuming Ilarion made these written inquiries, this Court has previously required more of incarcerated petitioners in order to demonstrate diligence. *See Drew*, 297 F.3d at 1289 (holding that petitioner was not entitled to equitable tolling where he did not make any attempts to contact the

5

court other than by letters, copies of which he did not provide).

Because Ilarion has failed to show that the record lacks substantial evidence to support the district court's finding that he was not diligent and, therefore, not entitled to equitable tolling, we conclude that the district court did not clearly err. Accordingly, we affirm the district court's order dismissing Ilarion's habeas petition as time-barred.

**AFFIRMED.**