[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13393
Non-Argument Calendar
_____

D. C. Docket No. 04-00071-CV-OC-1OGRJ

ERIC LAMAR WILLIAMS,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 21, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eric Lamar Williams, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 11 Stat. 1214 (1996). We granted a certificate of appealibility as to the following issue: Whether the district court erred in finding that Williams was not entitled to equitable tolling of the AEDPA's statute of limitations until the date he received actual notice of the state appellate court's mandate affirming his resentencing. For the reasons stated herein, we find no reversible error and affirm.

BACKGROUND

Williams was convicted in a Florida state court for murder in the first degree, burglary of a structure while armed, and aggravated assault with a deadly weapon. He was sentenced to a term of life imprisonment on the murder count and two terms of ten years' imprisonment on the other counts to be served concurrent with each other and consecutive to the life sentence. Williams filed, through counsel, a motion to dismiss his direct appeal in order to pursue post-conviction remedies with the trial court. A Florida appellate court granted the motion and dismissed Williams's direct appeal on September 8, 2000. On May 17, 2001, Williams filed a post-conviction motion, alleging ineffective assistance of trial

2

counsel.  This motion tolled the statute of limitations until the denial of the motion was affirmed on July 26, 2002.

On October 15, 2002, Williams filed, *pro se*, a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), which again tolled the statute of limitations.  The motion was granted, his sentence vacated, and he was resentenced.  Williams appealed the resentencing, and the appellate court affirmed the sentence on October 28, 2003.[1]  The mandate was issued on November 14, 2003.  At this point, Williams had thirty-three days remaining, or until December 17, 2003, to file his § 2254 petition.

On February 16, 2004, ninety-four days after the mandate issued, Williams filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in federal court.  The State of Florida filed a response arguing that the petition should be dismissed as time-barred.  In his reply to the State's response, Williams argued that his petition should not be barred by the one-year statute of limitations.  He argued that because he filed the habeas petition only four days after receiving notice of the mandate affirming his resentencing, he was diligent in filing his petition.  He requested to be allowed to proceed with his § 2254 habeas petition.

---

[1] His appointed counsel filed Williams's appeal of his resentencing by filing an *Anders* brief.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

The district court construed Williams's request as a claim for equitable tolling. The district court determined that Williams's underlying criminal case became final on September 8, 2000, and that, after applying statutory tolling based on Williams's post-conviction motions, Williams filed his petition over two-and-a-half months after the deadline for filing his petition had elapsed. Therefore, the district court found that the petition was time-barred absent equitable tolling. The district court found that equitable tolling was not applicable because the untimeliness was not beyond Williams's control and Williams did not exercise due diligence in attempting to meet the deadline. In particular, the district court found that although Williams was aware of the limited time remaining for filing a habeas petition, he took no steps to determine the status of his pending appeal after his counsel had filed an *Anders* brief.

Williams moved for a Certificate of Appealability ("COA"), arguing that the district court should have considered his constitutional claims[2] and that his § 2254 petition was not time-barred because the one-year statute of limitations did not begin to run until after his resentencing was affirmed on November 14, 2003. The district court denied the COA. We granted a COA on the issue of whether the district court erred in finding that Williams was not entitled to equitable tolling.

---

[2] In his petition, Williams claims that the ineffective assistance of trial and appellate counsel violated his Sixth Amendment right to legal representation.

4

STANDARD OF REVIEW

We review *de novo* the district court's decision to dismiss a petition for a writ of habeas corpus. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002). We also review the district court's decision to deny equitable tolling *de novo*. *Id.* However, we review a district court's determination of the relevant facts, including those related to a petitioner's diligence, for clear error. *Id.*

DISCUSSION

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run following the latest of four possible events, including "the date on which the judgment became final. . . ." *Id.* When a prisoner properly files a state post-conviction motion, the time during which the motion is pending is not counted toward the statute of limitations. 28 U.S.C. § 2244(d)(2). Additionally, the statute of limitations can be equitably tolled where a petitioner "act[s] with diligence, and the untimeliness of the filing [is] the result of circumstances beyond his control." *Drew*, 297 F.3d at 1286-87. However, this remedy is extraordinary and is applied sparingly. *Id.* at 1286. The petitioner bears the burden of showing that equitable tolling is warranted. *Id.*

On appeal, Williams argues that the statute of limitations did not begin to

5

run until the mandate affirming his resentencing was issued on November 14, 2003.[3] He contends that the murder conviction was not final until the resentencing was affirmed. However, Williams's argument that a new statute of limitations began to run when his resentencing was affirmed is outside the scope of our review as defined in the COA. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that appellate review is limited to the issues specified in the COA). Even if this argument was within the scope of our review, Williams's argument lacks merit. When a prisoner is resentenced and his § 2254 petition challenges the resentencing, the statute of limitations begins to run from the date that the resentencing becomes final. *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323, 1327-28 (11th Cir. 2006). However, when, as in Williams's case, the habeas petition does not challenge the resentencing and only challenges his original conviction, the statute of limitations begins to run from the date that the original judgment of conviction became final. *Id*. at 1328.

On appeal, Williams does not state any reason why he was entitled to equitable tolling other than that the statute of limitations should not have begun to run until after his resentencing was affirmed on November 14, 2003. Williams has

---

[3] We note that in Williams's brief he requests that the Court consider the issues regarding the alleged constitutional errors in his trial, for which he previously requested a COA, but was denied. We construe this request as a motion to reconsider and expand our granting the COA, and deny the motion.

not argued that he was entitled to equitable tolling based on his failure to receive notice of the mandate affirming his resentencing. Therefore, Williams has apparently abandoned the issue of equitable tolling. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (holding that a *pro se* litigant abandoned an issue by not challenging it on appeal). However, even if Williams had not abandoned the issue, we find that the district court did not err in finding that Williams was not entitled to equitable tolling.

In *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002), we ruled that a petitioner was entitled to equitable tolling because he was assured by a state court that it would contact him as soon as a decision was made concerning the final disposition of his appeal, and the court inadvertently sent notice of the decision to the wrong person. We found that the petitioner demonstrated diligence in inquiring about the status of his case when the court failed to contact him, and the court's failure to notify Knight was certainly beyond his control. *Id*. at 711. However, we stated that a prisoner is not necessarily entitled to "equitable tolling until he receives notice." *Id*. In *Drew*, we ruled that a petitioner was not entitled to equitable tolling when he claimed to have contacted the state court by mail, but provided no copies of the letters and did not make any attempt to contact the court in another manner, such as by calling or seeking help from a person with the ability

7

to go to the court personally. 297 F.3d at 1289.

Unlike the petitioner in *Knight*, Williams did not receive a personal assurance that he would be contacted at the conclusion of his case. *See Knight*, 292 F.3d at 711. However, Williams claims that he did not know until February 12, 2004 that the Florida Court of Appeals had affirmed his resentencing on November 14, 2003; therefore, he argues the he was diligent because he filed his habeas petition only four days later. While Williams's filing his habeas petition four days after learning of the state court of appeals' mandate affirming his resentencing is evidence of some degree of diligence, we do not find that the district court clearly erred in finding that Williams failed to act diligently. As the district court noted, Williams did not provide any evidence that he attempted to learn the status of his appeal even though he conceded that he knew that the statute of limitations for filing a federal habeas petition had almost run. Furthermore, the record does not support a conclusion that the untimeliness of his petition was beyond his control. *See Drew*, 297 F.3d at 1286. Accordingly, we find that Williams has failed to meet his burden. He was not entitled to equitable tolling. Therefore, we affirm the district court's order dismissing Williams's habeas petition as time-barred.

**AFFIRMED.**