Opinion issued December 11, 2008







                                                 






In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00440-CV
____________

DAVID JAMES, Appellant

V.

METROPOLITAN TRANSIT AUTHORITY, Appellee
 
________________________________________________________________________
 
On Appeal from the 281st District Court of
Harris County, Texas
Trial Court Cause No. 2006-10152
__________________________________________________________________
 
 
MEMORANDUM OPINION               David James appeals the trial court’s dismissal for want of prosecution of
his personal injury case against the Metropolitan Transit Authority (MTA). James
did not timely file his notice of appeal, and therefore we dismiss the appeal for
want of jurisdiction. 
Analysis
               The trial court signed its final judgment on May 24, 2007. James did not
file any motion that would extend the deadline for filing his notice of appeal. See
Tex. R. App. P. 26.1(a); 26.3. Therefore, James’s notice of appeal was due to be
filed by June 23, 2007. See Tex. R. App. P. 26.1. James did not file a notice of
appeal until May 1, 2008, almost one year later. The Clerk of this court advised
James of this, and requested him to respond, by a date certain, explaining the
jurisdictional basis for this appeal. 
               In his response, James contends that the trial court clerk did not notify
him of the trial court’s May 24, 2007 judgment. James asserts that he timely filed
the notice of appeal because he did so within 30 days of his April 10, 2008
discovery, from an MTA representative, that the trial court had dismissed the case
almost a year earlier. As authority that this court has jurisdiction, appellant cites
Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. Ga. 2002) and Texas Rule of
Civil Procedure 306a.
               Knight is inapplicable to the instant case as it addresses the tolling of the
period for filing an application for habeas corpus relief under 28 U.S.C., section
2254, the Antiterrorism and Effective Death Penalty Act (AEDPA), when a state
court has not informed an inmate of the denial of his request for relief from the
state courts. Knight, 292 F.3d at 710-11. It does not address whether, in a civil
case, this court has jurisdiction to consider an appeal in which the notice of appeal
has been filed nearly a year after entry of a final judgment. 
               Similarly, Texas Rule of Civil Procedure 306a does not authorize this
court to consider appellant’s attempted, untimely appeal. Rule 306a provides a
procedure for a party, whom the trial court clerk fails to notify of a final judgment
within 20 days after it is signed, to seek to extend the appellate timetable. Tex. R.
Civ. P. 306a(4),(5). To do so, however, the affected party must prove the actual
date he received notice of the judgment in a hearing before the trial court. Tex. R.
Civ. P. 306a(5). In his response to this court, James did not demonstrate that he
has done this. Further, Rule 306a(4) places a limit on such extensions providing
that “in no event shall such [extension of the appellate timetable] begin more than
90 days after the original judgment or other appealable order was signed.”


 
Accordingly, we lack jurisdiction to consider the appeal. See Franklin v. Park, No.
14-98-00436-CV, 1999 Tex. App. LEXIS 1459 (Tex. App.—Houston [14th Dist.]
1999, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction on holding
that notice of appeal was untimely filed because it was filed more than one year
after final judgment); Tex. R. App. P. 4.2(a)(1).
Conclusion
               We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). 
Any pending motions are likewise dismissed for want of jurisdiction.
 
______________________
Jane Bland
Justice


Panel consists of Justices Jennings, Hanks, and Bland.