[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 07-12020
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-61126-CV-JIC

DALE WEBSTER,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(June 30, 2010)

Before TJOFLAT, BIRCH and MARTIN, Circuit Judges.

PER CURIAM:

Dale Webster ("Webster"), a Florida state prisoner proceeding *pro se*, appeals the dismissal of his § 2254 petition as time-barred after the district court granted a certificate of appealability ("COA") as to whether Webster was entitled to equitable tolling. After reviewing the record and law, we AFFIRM the dismissal of Webster's § 2254 petition.

## I. BACKGROUND

On 23 July 2006, Dale Webster filed the present 28 U.S.C. § 2254 petition for a writ of habeas corpus, challenging as unconstitutional a 2002 state court conviction for felony battery. R1-1. Substantively, he raised several issues including: (1) erroneous admission of medical records; (2) violation of the Confrontation Clause; and (3) ineffective assistance of counsel. *Id.* at 4-6. In an apparent effort to show that his § 2254 petition was timely, Webster submitted a copy of correspondence with his state court attorney – dated 8 September 2005 – in which his attorney acknowledged his failure to promptly notify Webster of the resolution of Webster's state court proceedings. *Id.*, Exh. A.

The district court entered an order *sua sponte* directing the state to respond and directing Webster to explain more fully why his petition was not time-barred. R1-6. Webster, in turn, supplemented his petition and argued that his attorney rendered ineffective assistance of counsel in failing to notify him of the decision of

2

his appeal, which entitled him to equitable tolling. R1-7, 8.

The state responded that Webster was not entitled to federal habeas relief. R1-11. Specifically, the state noted that Webster's underlying conviction had become final no later than 1 June 2004, ninety days after it had been affirmed on direct appeal. *Id*. at 10. The state argued that Webster had not initiated post-conviction collateral proceedings following disposition of his appeal within a short period thereafter, and, as a result, his federal § 2254 petition was due to be filed by June 2005. *Id.* Because Webster did not file his federal petition until the following year, in July 2006, it should be dismissed as untimely. *Id.* The state acknowledged that Webster claimed he was entitled to equitable tolling, but noted that he failed to demonstrate diligence, or that such an exception to the timeliness requirement should otherwise apply. *Id*. at 11-13.

A magistrate judge issued a report recommending that Webster's habeas petition be dismissed as time-barred. R1-14. First, the magistrate judge found that while Webster did not file the present § 2254 habeas petition until 23 July 2006, his felony battery conviction became final on 1 June 2004, ninety days after the Florida Court of Appeals affirmed his conviction, and he was not entitled to statutory tolling for his collateral state court proceedings because he filed them after the one-year deadline expired on 1 June 2005. *Id.* at 3-5. The magistrate

3

judge then found that "the instant petition [was] untimely and . . . barred by the applicable limitations period." *Id.* at 5.

Next, the magistrate judge found that equitable tolling was inapplicable. *Id.* at 10. Any negligence on the part of Webster's attorney, in the absence of extraordinary circumstances, did not excuse an untimely petition. *Id.* at 6-7. Moreover, Webster had not established his own diligence in determining the federal habeas deadline, nor had he shown how the delay prevented him from timely filing his federal habeas petition. *Id.* at 7-8. In particular, Webster waited two years to inquire about the status of his appeal. *Id.* at 8.

Webster objected to the magistrate judge's report, arguing that he only learned of the disposition of his appeal when he contacted the Assistant Public Defender, and that the ineffectiveness of his appellate counsel was the sole reason his § 2254 petition was time-barred. R1-15 at 1.

The district court adopted the report and recommendation of the magistrate judge. R1-16. In particular, the court found that Webster had not exercised due diligence because he waited three years from the filing of his notice of appeal to his first inquiry as to the status of his appeal. *Id.* at 6. Moreover, no one had given Webster any specific assurance that it would notify him when his appeal was decided. *Id.* Thus, the district court dismissed Webster's petition as untimely. *Id.*

4

at 7.  Although the district court did not make a specific finding regarding the actions of Webster's public defender, it implied that she was negligent in failing to keep him informed about the status of his case.  *Id.* at 6 n.3.

The district court later granted a COA as to whether Webster was entitled to equitable tolling.  R1-19 at 2.  The court noted that we held in *Drew v. Dep't of Corrections*, 297 F.3d 1278 (11th Cir. 2002), that equitable tolling was not warranted where the petitioner did not act with diligence in inquiring about the status of the case, but held in *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002) (per curiam), that equitable tolling was appropriate where the petitioner relied upon the clerk of court's representation that he would be notified of a court decision as soon as it was issued.  *Id.* at 1-2.

## II. DISCUSSION

Webster asserts that his public defender failed to inform him of the decision on his direct appeal and abandoned him.  He contends that counsel's conduct prevented him from timely filing his habeas petition, that counsel misled his family about her diligence, and that his attorney's abandonment was sufficient to trigger equitable tolling because he exercised due diligence.

We review *de novo* a district court's dismissal of a federal habeas petition, including the determination that a petition is time-barred under § 2244(d).  *See*

5

*Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006). However, "the determination of whether a party was diligent is a finding of fact, subject to review for clear error." *Drew*, 297 F.3d at 1287.

Appellate review of an unsuccessful habeas petition is limited to the issues specified in the COA. *Hodges v. Att'y Gen., St. of Fla.*, 506 F.3d 1337, 1340-41 (11th Cir. 2007). We do not consider exhibits attached to appellate briefs that were not presented to the district court. *See Dominick v. Dixie Nat'l Life Ins. Co.*, 809 F.2d 1559, 1573 (11th Cir. 1987) (declining to consider exhibits attached to appellate briefs in reviewing the district court's grant of summary judgment that were not presented to the trial court).

By statute, there is a one-year period of limitation for a person in state custody to file a federal petition seeking a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The period runs from the latest of several potential start dates, including when the state court judgment became final. *Id.* at § 2244(d)(1)(A). The judgment becomes "final" "after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari." *Chavers v. Secretary, Florida Dept. of Corrections*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (per curiam). In Florida, the time to file a petition with the United States Supreme Court begins to run after a Florida appellate court affirms the conviction, not after

the mandate is issued. *Id.* at 1274.

The federal one-year limitation period on filing could also begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). However, an "assertion that the State impeded [a habeas petitioner] from timely filing by providing an incompetent attorney to assist him . . . is meritless" because "[t]his is not the type of State impediment envisioned in § 2244(d)(1)(B)." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005).

The time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and therefore permits equitable tolling. *Holland v. Florida*, 560 U.S. __, __ S. Ct. __ (June 14, 2010) (No. 09-5327); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. __, __ S. Ct. at __ (internal quotation marks omitted). Regarding the first requirement of diligence, we have previously held that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently

7

attempted to ascertain the status of that order." *Drew*, 297 F.3d at 1288. Thus, while we denied equitable tolling where a prisoner made one inquiry to the clerk's office about the status of his case, sixteen months after he filed the petition, *id.,* we did apply equitable tolling where a petitioner asked the Georgia Supreme Court clerk when he could expect a ruling on his case and the clerk told him that he would be notified but then failed to notify him of the decision. *Knight*, 292 F.3d at 710-11. In *Knight*, we found that the petitioner was entitled to rely on the representation by the clerk that he would be notified and had exercised sufficient diligence. *Id.* at 711.

In this case, Webster made only one inquiry as to the status of his appeal, three years after he filed the notice of appeal. Thus, Webster did not establish that he acted with due diligence in investigating the status of his appeal, nor did he rely on any affirmative representation of notification to excuse his lack of diligence. His argument that we should review the merits of his petition based on his actual innocence is outside the scope of the COA, and we do not consider the non-record material that he attached to his brief.

### III. CONCLUSION

Webster appeals the dismissal of his § 2254 petition as time-barred after the district court declined to equitably toll the statute of limitations. We conclude that

8

the district court did not err in declining to toll the time period for filing.

Accordingly, we **AFFIRM** the dismissal of Webster's § 2254 petition as time-barred.

    **AFFIRMED.**