NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 20-3511

———————————

ANTONIO WHITE,

Appellant

v.

SUPERINTENDENT ROCKVIEW SCI;
ATTORNEY GENERAL PENNSYLVANIA

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-19-cv-05406)
District Judge:  Honorable Gene E.K. Pratter

———————————

Argued on November 1, 2023

Before: JORDAN, ROTH and AMBRO, <u>Circuit Judges</u>

(Opinion filed June 25, 2024)

Dean Beer                           (**ARGUED**)
Matthew C. Lawry
Jules Welsh
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 545 West
Philadelphia, PA 19106

        Counsel for Appellants

Catherine B. Keifer        (**ARGUED**)
Delaware County Office of District Attorney
201 W. Front Street
Media, PA 19063

       Counsel for Appellee

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

After exhausting his direct-appeal and state post-conviction rights, Antonio White sought habeas relief in federal court. However, because he did not file his federal petition until fourteen days after the statute of limitations had expired, the District Court dismissed his petition as untimely. On appeal, White argues that he failed to file a timely petition because the Trial Court docket and a state court opinion listed an incorrect date for when his convictions became final and, as a result, misled him as to the applicable filing deadline. We conclude that White pursued relief with reasonable diligence and that extraordinary circumstances prevented the timely filing of his petition. Thus, he is entitled to equitable tolling. We will vacate the District Court's order and remand for further proceedings.

## I. Background and Procedural History

Antonio White was convicted of first degree murder and possession of an instrument of crime in the Delaware County Court of Common Pleas (Trial Court). He was sentenced to life without parole for the murder and six months to five years for possession of an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

instrument of crime. White appealed to the Superior Court, arguing that his confession was admitted in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The Superior Court affirmed on August 14, 2014,[1] and the Pennsylvania Supreme Court denied his petition for allowance of appeal on February 19, 2015.[2] The Trial Court incorrectly docketed that date as March 16, 2015, rather than February 19, 2015.

White alleges that he never received the Supreme Court's order denying review of his appeal. Because he did not file a petition for certiorari, White's convictions became final on May 20, 2015, ninety days after the denial. At that point, the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) began to run.[3]

350 days later, on May 4, 2016, White filed a counseled petition under the Pennsylvania Post-Conviction Relief Act (PCRA) in the Court of Common Pleas (PCRA Court), tolling the AEDPA clock with fifteen days remaining.[4] In his PCRA Petition, White claimed that his trial counsel was ineffective for failing to raise available evidence in support of a motion to suppress his confession. The PCRA Court held an evidentiary hearing and, on May 4, 2017, denied the petition. Like the Trial Court docket, the PCRA Court's opinion incorrectly stated that the Pennsylvania Supreme Court had denied White's petition for allowance of appeal on March 16, 2015.

---

[1] *Commonwealth v. White*, 106 A.3d 159 (Pa. Super. 2014) (unpublished table decision).
[2] *Commonwealth v. White*, 110 A.3d 997(Pa. 2015) (unpublished table decision).
[3] *See* 28 U.S.C. § 2244(d)(1)(A).
[4] *See id.* § 2244(d)(2).

White appealed the PCRA Court's decision to the Superior Court, filing a brief in support of his appeal pro se.[5] The Superior Court affirmed the PCRA Court's decision on February 13, 2019,[6] and the Pennsylvania Supreme Court denied review on October 1, 2019.[7] At that point, AEDPA's statute of limitations resumed running.[8]

White filed a federal habeas petition pro se in the Eastern District of Pennsylvania on October 30, 2019. However, AEDPA's statute of limitations had expired on October 16, 2019. If the Pennsylvania Supreme Court had denied review of his direct appeal on March 16, 2015, as the Trial Court docket and PCRA Court's opinion stated, the statute of limitations would not have expired until after White filed his petition on October 30, 2019, and so it would have been timely. White filed a memorandum in support of his petition pro se, and the Commonwealth did not respond.

On December 31, 2019, the Magistrate Judge issued a Report and Recommendation sua sponte, denying White's petition as untimely and declining to apply equitable tolling.[9] White objected and requested equitable tolling on the ground that the Trial Court docket and PCRA Court's decision listed the incorrect date for the Supreme Court's denial of review of his direct appeal.

---

[5] White was represented by counsel when he appealed the PCRA Court's decision, but he alleges that he handled the appeal pro se. His counsel formally withdrew after the appeal was filed but before White filed his supporting brief.

[6] *Commonwealth v. Vundel*, No. 1841 EDA 2017, 2019 WL 578539 (Pa. Super. Feb. 13, 2019).

[7] *Commonwealth v. Vundel*, 218 A.3d 391 (Pa. 2019) (unpublished table decision).

[8] *See* 28 U.S.C. § 2244(d)(2).

[9] *White v. Garman*, No. 19-5406, 2019 WL 10817151, at *2–3 (E.D. Pa. Dec. 31, 2019).

On October 7, 2020, the District Court held that White was not entitled to equitable tolling and dismissed his petition as untimely.[10]  The District Court also declined to grant a Certificate of Appealability (COA).[11]  White appealed, and we granted a COA on the issue of whether AEDPA's statute of limitations should be equitably tolled.[12]

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We review the District Court's refusal to toll AEDPA's statute of limitations de novo.[13]

## III.  Discussion

Under AEDPA, an incarcerated individual seeking post-conviction relief must file his petition in federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[14]  AEDPA's statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[15]  It is also subject to equitable tolling.[16]

---

[10] *White v. Garman*, No. 19-5406, 2020 WL 5944280, at *2–3 (E. D. Pa. Oct. 7, 2019).
[11] *Id.* at *3 n.1.
[12] Although White's appeal was facially untimely, he filed several motions to request an extension of time to file based on COVID-19-related restrictions.  We construed White's Notice of Appeal as a motion to extend time to appeal under Fed. R. App. P. 4(a)(5) and remanded to the District Court for review of his 4(a)(5) motion.  The District Court granted his motion, and we deemed his appeal timely and issued a COA.
[13] *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) (citing *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003)).
[14] 28 U.S.C. § 2244(d)(1)(A).
[15] *Id.* § 2244(d)(2).
[16] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In order to be entitled to equitable tolling, a petitioner must demonstrate that (1) he has diligently pursued his rights, and (2) "some extraordinary circumstance stood in his way and prevented timely filing" of his petition.[17]  For the reasons that follow, we conclude that White has satisfied his burden on both elements.

The "diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence."[18]  Accordingly, a petitioner "can hardly be faulted for not acting more diligently" if he did what he reasonably thought was necessary "based on information he received" from the court.[19]  White diligently pursued post-conviction relief in both state and federal court.[20]  He timely litigated his direct appeals and state habeas petition, whether represented by counsel or proceeding pro se.  Timely litigation prior to the federal habeas process supports a finding of diligence.[21]

The Commonwealth disputes that White acted with the requisite level of diligence because he did not verify the information on the Trial Court docket.  As the Commonwealth notes, some other court documents listed the correct date on which White's conviction became final.

---

[17] *Id.* (internal quotations and citation omitted).

[18] *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653).

[19] *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2013) (cleaned up).

[20] *See Ross*, 712 F.3d at 799 (explaining that diligence "is an obligation that exists during the period appellant is exhausting state court remedies as well" (quoting *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005))).

[21] *See Jenkins*, 705 F.3d at 89.  During the pendency of his PCRA Petition and appeal, White submitted several other filings pro se, including a motion to appoint counsel, notice of appeal, and various letters seeking the status of his requests and for a copy of the docket.

The diligence prong, however, does not require a petitioner to verify information provided by the court absent any indication that the information is inaccurate. Here, White had no reason to second-guess the accuracy of the Trial Court docket or PCRA Court's opinion because he was not aware of the alternative documents identified by the Commonwealth. He alleges that he did not receive a copy of the Supreme Court order denying his petition for allowance of appeal because he was represented by counsel on direct appeal. White also alleges that he was represented by counsel when his PCRA Petition was filed, so he was unaware that the filing used the correct date.

Requiring White to doubt the reliability of the Trial Court docket, without any facial indication of its inaccuracy, would contradict our decisions holding a petitioner need not "le[ave] no stone unturned."[22]

On the eve of argument, the Commonwealth filed a copy of White's petition seeking review of the Superior Court's order affirming dismissal of his PCRA petition. White filed the petition pro se, and the Superior Court's opinion, which listed the correct date on which the Supreme Court denied review of his direct appeal, was attached as an exhibit. The Commonwealth argues that, as a result, White should have been aware of the discrepancy between the dates listed on the Trial Court docket and in the Superior Court opinion. As White failed to follow up on that discrepancy, the Commonwealth argues, he did not pursue relief with the requisite level of diligence.

---

[22] *Munchinski*, 694 F.3d at 330 (citation omitted).

7

However, under the circumstances, and in light of his considerable efforts in pursuit of relief, White's failure to identify a discrepancy buried in an exhibit to his filing does not demonstrate a lack of reasonable diligence. Indeed, the Commonwealth had access to the filing that it now faults White for not reviewing carefully enough, yet it failed to bring it to our attention within the prescribed briefing schedule.

Because we conclude that White pursued relief with reasonable diligence, we turn to whether he was prevented from filing a timely petition by extraordinary circumstances.

Here, we do not ask how unusual the circumstances were "but rather how severe an obstacle it [wa]s for the prisoner endeavoring to comply with AEDPA's limitations period."[23] In prior cases, we have found extraordinary circumstances sufficient to justify equitable tolling where a petitioner was actively misled by the respondent, prevented from asserting his rights in some extraordinary way, or timely asserted his rights in the wrong forum.[24] Another "potentially extraordinary situation is where a court has misled a party regarding the steps that the party needs to take to preserve a claim."[25] That said, our analysis is necessarily tailored to the circumstances faced by the specific petitioner.[26]

White alleges that the Trial Court and PCRA Court provided him with inaccurate information about the date on which the Supreme Court denied his petition for allowance of appeal and, by extension, the date by which he had to file his federal petition. He also

---

[23] *Ross*, 712 F.3d at 803 (emphasis removed).

[24] *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

[25] *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

[26] *Ross*, 712 F.3d at 802 (noting that we "measure[] the extraordinary circumstances prong subjectively").

maintains that his status as a pro se and incarcerated petitioner supports his claim. Taken together, White argues, these facts establish a "causal connection, or nexus, between the extraordinary circumstances he faced and [his] failure to file a timely federal petition."[27]

The Commonwealth argues that White must show the court made "an *affirmative effort*" to mislead or "an attempt to deceive him."[28] We disagree. Our case law imposes no such requirement. The courts communicated information to White that led him to believe, incorrectly, that his petition would be timely up until a certain date.[29] It is evident that White's failure to file a timely petition was not the result of counsel's (or his own) confusion about the law or of any miscalculation of the limitations period. Rather, he was misled by the courts about facts bearing on the timeliness of his petition. Based on that information, his calculation was sound and his petition timely.

Thus, White has demonstrated both diligence and extraordinary circumstances sufficient to support equitable tolling. His request for it should have been granted.

## IV. Conclusion

For the reasons above, we will vacate the District Court's order dismissing White's petition and remand for further proceedings consistent with this opinion.

---

[27] Br. 15 (quoting *Ross*, 712 F.3d at 803).
[28] Appellee's Br. 15–17 (emphasis in original) (discussing *Schlager v. Superintendent of Fayette SCI*, 789 F. App'x 938, 941 (3d Cir. 2019), and *Jenkins*, 705 F.3d at 90).
[29] *See Jenkins*, 705 F.3d at 83–84, 90.